UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
42USC1983

Plaintiff,
OC Houston III (pro se)
774-265-2241
Mr.TraeIII@Gmail.Com

Defendant,
Jennifer Donahue,
in her official capacity as Public Information Officer of the Supreme Judicial Court of Massachusetts,
John Adams Courthouse, Suite 1100,
1 Pemberton Square,
Boston, MA 02108-1724,

Civil Action No.:

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER 42 U.S.C. § 1983

I. **INTRODUCTION**

1. Plaintiff OC Houston III, a citizen journalist operating as "BadNewsMedia Brockton," brings this action under 42 U.S.C. § 1983 against Defendant Jennifer Donahue, in her official capacity as Public Information Officer of the Supreme Judicial Court of Massachusetts, for violating Plaintiff's First Amendment (freedom of the press and access to public proceedings) and Fourteenth Amendment (due process) rights.
2. Defendant's arbitrary denial of Plaintiff's application for media registration under Supreme Judicial Court Rule 1:19, which defines "news media" to include "citizen journalists" who are regularly engaged in reporting and publishing news or information about matters of public interest, without a reasoned explanation or appeal process, constitutes a prior restraint on Plaintiff's press activities, restricts his access to court proceedings, and denies procedural due process.
3. Since January 2012, Plaintiff has operated as a citizen journalist under "BadNewsMedia Brockton," consistently reporting and publishing news and information about matters of public interest on Facebook at BadNewsMedia1, Twitter at @BadNewsMedia, @HoustonsServices, @Brockton911, and on YouTube as BadNewsMedia Brockton, selling original video footage to major national news network, and conducting high-profile interview, including once with the late Brockton Mayor Bill Carpenter (passed July 3, 2019).
   - Defendant's arbitrary denial of Plaintiff's media registration disregards this extensive journalistic record and violates SJC Rule 1:19(2).
4. Plaintiff, is an indigent litigant, seeks a declaratory judgment that Defendant's actions are unconstitutional, an injunction compelling registration under SJC Rule 1:19, and a waiver of all court fees and costs pursuant to 28 U.S.C. § 1915.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
42USC1983

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), as this action arises under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.
6. This Court has authority to grant declaratory relief under 28 U.S.C. § 2201, injunctive relief under 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65, and a fee waiver under 28 U.S.C. § 1915 for indigent litigants.
7. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b), as Defendant's principal office is located in Boston, Massachusetts, and the events giving rise to this action occurred in this district.

## III. PARTIES

8. Plaintiff OC Houston III is an adult resident of Massachusetts, operating as "BadNewsMedia Brockton," a citizen journalist regularly engaged in reporting and publishing news and information about matters of public interest since January 2012. Plaintiff is indigent and has filed a Motion to Proceed In Forma Pauperis.
9. Defendant Jennifer Donahue is the Public Information Officer for the Supreme Judicial Court of Massachusetts, named in her official capacity. She is responsible for administering media registration under SJC Rule 1:19, including evaluating applications from citizen journalists.

## IV. FACTUAL ALLEGATIONS

10. Since January 2012, Plaintiff has been consistently engaged in reporting and publishing news and information about matters of public interest under the name "BadNewsMedia Brockton" and associated entities, including:
    a. BadNewsMedia1 on Facebook,
    b. @BadNewsMedia, @HoustonsServices, and @Brockton911 on Twitter,
    c. BadNewsMedia Brockton on YouTube.
11. Plaintiff has sold original video footage to a major national news network covering local events in Brockton and other areas, evidencing professional recognition of his journalistic work and his engagement in reporting matters of public interest.
12. Plaintiff conducted a direct interview with the late Brockton Mayor Bill Carpenter (died July 3, 2019), covering matters of public interest, including local governance, public safety initiatives, and community policies, such as Carpenter's efforts to expand surveillance cameras and address the opioid crisis, further establishing Plaintiff's role as a citizen journalist.
13. On or about December 8, 2023, Plaintiff submitted a formal application for media registration with the Supreme Judicial Court Public Information Office (PIO) under SJC Rule 1:19.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
42USC1983

14. SJC Rule 1:19(2) defines "news media" as "those who are regularly engaged in the reporting and publishing of news or information about matters of public interest," explicitly stating: "This includes **CITIZEN JOURNALISTS** who meet this standard."
15. Plaintiff meets and exceeds this standard through his 13-year record of journalistic activity, including consistent reporting on Facebook as BadNewsMedia1, Twitter as @BadNewsMedia, @HoustonsServices, @Brockton911, and YouTube at BadNewsMedia Brockton, sales of footage to a major national news network, and even interviews with prominent public figures like the late great Brockton Mayor Bill Carpenter.
16. On December 8, 2023, at 1:15 PM, Defendant Donahue emailed Plaintiff, stating: "We have reviewed your media registration form and have determined that you do not qualify as a member of the news media under Supreme Judicial Court Rule 1:19. Accordingly, your registration has been denied." The email provided no specific reasons for the denial.
17. Plaintiff promptly responded on December 8, 2023, at 1:16 PM, asking, "May I have a explanation why?"
18. Receiving no reply, Plaintiff sent follow-up emails on:
    a. December 12, 2023, at 12:07 AM: "Is there any appeal process?"
    b. December 13, 2023, at 12:35 PM: "May I please have a explanation?"
19. On December 14, 2023, at 7:09 AM, Plaintiff sent a formal email detailing his qualifications, including his 2012–2023 journalistic record, footage, sales to major networks, and interview with Mayor Carpenter, citing SJC Rule 1:19, and requesting registration.
20. On December 14, 2023, at 1:39 PM, Defendant Donahue responded: "You have been denied because this office has determined that you do not qualify as a member of the news media under Supreme Judicial Court Rule 1:19. As a member of the public you can attend court hearings and take notes with paper and pen, and you can request court documents and audio recordings of proceedings from clerks' offices." This response provided no factual basis for the denial or information about an appeal process.
21. Plaintiff continued to seek clarification and an appeal mechanism, emailing Defendant on:
    a. December 16, 2023, at 6:55 AM: "Thank you for letting me know. BUT I disagree and wish to argue my position that i am a citizen Journalist as stated in the rule 1:19 What is YOUR definition of a CJ? I believe this needs to be decided who do i appeal to?"
    b. December 18, 2023, at 10:23 AM and 10:53 AM: Noting that multiple law clerks had contacted the PIO on Plaintiff's behalf without receiving guidance on how to appeal.
22. On or about May 30, 2025, Plaintiff attempted to file a petition for mandamus and declaratory judgment with the Supreme Judicial Court at the John Adams Courthouse.
23. The clerk refused to accept the filing, stating that the Supreme Judicial Court was a named respondent and could not accept the case, and suggested filing in federal court, prompting this action.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
42USC1983

24. Defendant's denial of Plaintiff's media registration, without a reasoned explanation or appeal process, is arbitrary, capricious, and an abuse of discretion, violating Plaintiff's constitutional rights.

## V.  CAUSES OF ACTION

### Count I: Violation of First Amendment Rights (42 U.S.C. § 1983)

25. Plaintiff incorporates paragraphs 1–24 by reference.
26. The First Amendment to the United States Constitution guarantees freedom of the press and the right of public access to court proceedings
    - Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980)
27. Plaintiff, as a citizen journalist since January 2012, meets the objective criteria of SJC Rule 1:19(2), with a verifiable record of reporting on:
    - BadNewsMedia1 (Facebook)
    - @BadNewsMedia, @HoustonsServices, and @Brockton911 (Twitter)
    - BadNewsMedia Brockton (YouTube)
    - And selling footage to major national news networks,
28. Interviewing public figures, including the late great Brockton Mayor Bill Carpenter.
29. Defendant's denial of Plaintiff's media registration, without a reasoned basis, constitutes a prior restraint on Plaintiff's ability to gather and disseminate news and restricts his access to court proceedings, a public forum,
    - Commonwealth v. Barnes, 461 Mass. 1017 (2012)
30. The denial suggests viewpoint discrimination, as Defendant failed to articulate any basis for concluding that Plaintiff's extensive journalistic record does not meet the standard set forth in SJC Rule 1:19
    - Shurtleff v. City of Boston, 596 U.S. 1 (2022)
31. Defendant's actions, taken under color of state law, violate Plaintiff's First Amendment rights, causing ongoing harm by limiting his ability to report on court proceedings with the full privileges afforded to registered members of the news media.

### Count II: Violation of Fourteenth Amendment Due Process (42 U.S.C. § 1983)

32. Plaintiff incorporates paragraphs 1–24 by reference.
33. The Fourteenth Amendment to the United States Constitution guarantees procedural due process when a government action deprives an individual of a protected liberty interest
    - Welter v. Bd. of Registration in Medicine, 490 Mass. 467 (2022).
34. Plaintiff has a protected liberty interest in accessing court proceedings as a member of the news media under SJC Rule 1:19, which imposes a ministerial duty on Defendant to register applicants who meet the rule's objective criteria.
35. Defendant's denial of Plaintiff's registration, without providing a specific explanation or an appeal process, deprives Plaintiff of a fair opportunity to contest the decision, violating his right to procedural due process.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
42USC1983

36. Defendant's actions, taken under color of state law, are arbitrary and capricious, causing ongoing harm to Plaintiff.

## VI.  PRAYER FOR RELIEF

37. WHEREFORE, Plaintiff respectfully requests that this Court:
    a. Declare that Defendant's denial of Plaintiff's media registration under SJC Rule 1:19, without a reasoned explanation or appeal process, violates Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.
    b. issue an injunction compelling Defendant Jennifer Donahue, in her official capacity, to immediately register Plaintiff OC Houston III as a member of the news media under SJC Rule 1:19 and grant all associated privileges, including electronic access to courtrooms
    c. Waive all court fees and costs pursuant to 28 U.S.C. § 1915, as Plaintiff is indigent and has filed a Motion to Proceed In Forma Pauperis.
    d. Order service of process by the U.S. Marshals Service at no cost to Plaintiff, pursuant to 28 U.S.C. § 1915(d).
    e. Grant such other and further relief as the Court deems just and proper.

OC Houston III (pro se)
774-265-2241
Mr.TraeIII@Gmail.Com